UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Felix M. Pagan
and other similarly situated individuals,

      Plaintiff(s),

v.

Goldelm At Charter Pointe, LLC,
d/b/a Charter Pointe Apartments

      Defendant,

_____/

**<u>COLLECTIVE ACTION COMPLAINT</u>**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Felix M. Pagan and other similarly situated

individuals, by and through the undersigned counsel, and hereby sues Defendant

Goldelm At Charter Pointe, LLC, d/b/a Charter Pointe Apartments, and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover money damages for unpaid overtime wages

    under the United States laws. This Court has jurisdiction pursuant to the

    Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional

    placement) ("the Act"). This Court also has supplemental jurisdiction over

    Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2.  Plaintiff Felix M. Pagan is a resident of Seminole County, Florida within the Jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3.  Defendant Goldelm At Charter Pointe, LLC, d/b/a Charter Pointe Apartments (hereinafter Goldelm At Charter Pointe, or Defendant) is a Florida Limited Liability Company doing business in Florida. Defendant has a place of business in Altamonte Springs, Seminole County, Florida, within this Court Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4.  Defendant Goldelm At Charter Pointe was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5.  All the actions raised in this complaint occurred in Seminole County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6.  This cause of action is brought by Plaintiff Felix M. Pagan as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the

"ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after August 2021, (the "material time") without being adequately compensated.

7.  Defendant Goldelm At Charter Pointe is a property management company. Defendant Goldelm At Charter Pointe provided property management, leasing, and maintenance services to Charter Pointe Apartments, located at 919 Ballard Street, Altamonte Springs, Florida 32701.

8.  Defendant Goldelm At Charter Pointe employed Plaintiff Felix M. Pagan as a non-exempted, full-time, hourly employee from August 01, 2021, to February 28, 2022, or 30 weeks. However, for FLSA overtime purposes Plaintiff's relevant time of employment is 29 weeks (28 weeks with unpaid overtime hours, plus one week with unpaid minimum wages.)

9.  Plaintiff was hired as a maintenance employee and porter for Charter Pointe Apartments, a residential complex with 2 stories and 312 units. Plaintiff had multiple responsibilities, including maintenance, emergency repairs, plumbing, electricity, painting, etc.

10. Plaintiff lived at the complex as per the convenience of the Employers.

11. Plaintiff was paid a wage rate of $16.00 an hour during his first 12 weeks of employment. Plaintiff's overtime should be $24.00 an hour, in that period.

Plaintiff's wage rate decreased to $12.00 an hour for the remaining 16 weeks. Plaintiff's overtime rate should be $18.00.

12. During his employment with Defendant, Plaintiff worked 5 days per week. From Monday to Friday, Plaintiff worked from 7:00 AM to 4:00 PM (9 hours daily). Plaintiff completed 45 hours in one week.  Defendant deducted 1 hour daily or 5 hours weekly of lunchtime.

13. However, Plaintiff alleges that he never took one hour of lunch.  Plaintiff claims that Defendant should deduct just 2.5 hours of lunchtime, and Defendant owes him 2.5 overtime hours weekly.

14. In addition, every day after his regular shift, from Monday to Sunday, Plaintiff worked a minimum of 6 off-the-clock hours, that were not paid at any rate, not even at the minimum wage rate. These off-the-clock hours were not recorded anywhere, but they constitute 6 unpaid overtime hours.

15. Furthermore, once per month Plaintiff worked 7 days (from Thursday to Thursday) a minimum of 10 on-call hours weekly. These 10 on-call hours were recorded.  Defendant compensated Plaintiff 10 on-call hours granting him "compensatory time off" in lieu of cash for overtime hours worked. Defendant gave Plaintiff 4 hours of time off the job, or the equivalence to 2.5 overtime hours.  The Act requires that compensatory time under section 7(o) be earned at a rate not less than one and one-half hours for each hour of

employment for which overtime compensation is required by section 7 of the FLSA. Accordingly, Defendant still owes Plaintiff 7.5 on call hours, which constitute 7.5 additional unpaid overtime hours.

16. Thus, Plaintiff is claiming a total of 21 weeks with 8.5 unpaid overtime hours (2.5 lunch hours + 6 off-the-clock hours=8.5 overtime hours), and 7 weeks with 16 unpaid overtime hours (2.5 lunch hours + 6 off-the-clock hours + 7.5 on-call hours=16 overtime hours.)

17. Plaintiff did not clock in and out, but he signed timesheets. Plaintiff worked under the supervision of Mr. Victor Salazar, and Defendant could track the number of days and hours worked by Plaintiff and other similarly situated individuals.

18. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff was paid with direct deposits without paystubs showing information about the actual number of days and hours worked, wage rate paid, employee taxes withheld, etc.

20. On or about February 14, 2022, Plaintiff had a work-related accident. As a consequence of his accident he had to seek medical attention and was absent

Friday 25, Saturday 26, and Sunday 27 of February 2022. Plaintiff reported ready for work on Monday, February 28, but Manager Vanessa LNU fired him using pretextual reasons.  Plaintiff was fired due to unfair reasons, and he was required to leave his apartment at Charter Pointe Apartments immediately.

21. At the time of his termination Defendant refused to pay Plaintiff for his last week of work.

22. Plaintiff Felix M. Pagan seeks to recover unpaid overtime hours weekly for every week he worked for Defendant, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

23. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

24. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

25. This action is intended to include every maintenance employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

26. Plaintiff Felix M. Pagan re-adopts every factual allegation stated in paragraphs 1-24 above as if set out in full herein.

27. Defendant Goldelm At Charter Pointe was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a property management company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

28. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a maintenance and cleaning employee, and he handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

29. Defendant Goldelm At Charter Pointe employed Plaintiff Felix M. Pagan as a non-exempted, full-time, hourly employee from August 01, 2021, to February 14, 2022, or 28 weeks.

30. Plaintiff was hired as a maintenance employee and porter for Charter Pointe Apartments, a residential complex with 2 stories and 312 units. Plaintiff had multiple responsibilities, including maintenance, emergency repairs, plumbing, electricity, painting, etc.

31. Plaintiff was paid a wage rate of $16.00 an hour during his first 12 weeks of employment. Plaintiff's overtime should be $24.00 an hour, in that period. Plaintiff's wage rate decreased to $12.00 an hour for the remaining 16 weeks. Plaintiff's overtime rate should be $18.00.

32. During his employment with Defendant, Plaintiff worked 5 days, 9 hours daily per week, or a total of 45 hours in one week. Defendant deducted 1 hour daily or 5 hours weekly of lunchtime.

33. However, Plaintiff alleges that he never took one hour of lunch. Plaintiff claims that Defendant should deduct just 2.5 hours of lunchtime, and Defendant owes him 2.5 overtime hours weekly.

34. In addition, every day after his regular shift, from Monday to Sunday, Plaintiff worked a minimum of 6 off-the-clock hours, that were not paid at

any rate, not even at the minimum wage rate. These off-the-clock hours were not recorded anywhere, but they constitute 6 unpaid overtime hours.

35. Furthermore, once per month Plaintiff worked 7 days (from Thursday to Thursday) a minimum of 10 on-call hours weekly. These 10 on-call hours were recorded.  Defendant compensated Plaintiff 10 on-call hours granting him "compensatory time off" in lieu of cash for overtime hours worked. Defendant gave Plaintiff 4 hours of time off the job, or the equivalence to 2.5 overtime hours.  The Act requires that compensatory time under section 7(o) be earned at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by section 7 of the FLSA. Accordingly, Defendant still owes Plaintiff 7.5 on-call hours, which constitute 7.5 additional unpaid overtime hours.

36. Thus, Plaintiff is claiming a total of 21 weeks with 8.5 unpaid overtime hours (2.5 lunch hours + 6 off-the-clock hours=8.5 overtime hours), and 7 weeks with 16 unpaid overtime hours (2.5 lunch hours + 6 off-the-clock hours + 7.5 on-call hours=16 overtime hours.)

37. Plaintiff did not clock in and out, but he signed timesheets. Plaintiff worked under the supervision of Mr. Victor Salazar, and Defendant could track the number of days and hours worked by Plaintiff and other similarly situated individuals.

38. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

39. Plaintiff was paid bi-weekly with direct deposits without paystubs providing information about the actual number of days and hours worked, wage rate paid, employee taxes withheld, etc.

40. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant.  However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

41. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

42. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

43. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and to the best of his knowledge. After discovery, Plaintiff will amend his statement of claim.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Five Thousand Nine Hundred Seventy-Six Dollars and 00/100 ($5,976.00)

   b. <u>Calculation of such wages</u>:

   Total period of employment: 28 weeks
   Relevant weeks of employment: 28 weeks

   **1.- Overtime for 12 weeks paid at the rate of $16.00 an hour**

   Relevant weeks: 12 weeks
   Wage rate paid: $16.00 an hour x 1.5=$24.00 O/T rate

   I.   Overtime for 9 weeks with 8.5 O/T hours
        O/T $24.00 X 8.5 O/T hours= $204.00 weekly x 9 weeks=$1,836.00

   II.  Overtime for 3 weeks with 16 O/T hours
        O/T $24.00 X 16 O/T hours= $384.00 weekly X 3 weeks=$1,152.00

   **2.- Overtime for 16 weeks paid at the rate of $12.00 an hour**

   Relevant weeks: 16 weeks
   Wage rate paid: $12.00 an hour x 1.5=$18.00 O/T rate

   I.   Overtime for 12 weeks with 8.5 O/T hours
        O/T $18.00 X 8.5 O/T hours= $153.00 weekly x 12 weeks= $1,836.00

II.   Overtime for 4 weeks with 16 O/T hours
O/T $18.00 X 16 O/T hours= $288.00 weekly X 4 weeks= $1,152.00

Total #1, and #2: $5,976.00

c.   <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

44. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

45. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

46. Defendant Goldelm At Charter Pointe willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remains owing Plaintiff

these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

47. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Felix M. Pagan and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Felix M. Pagan and other similarly situated individuals and against Defendant Goldelm At Charter Pointe based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Felix M. Pagan actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Felix M. Pagan demands a trial by a jury of all issues triable as of right by a jury.

## <u>COUNT II:</u>
## <u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:</u>
## <u>FAILURE TO PAY MINIMUM WAGE</u>

48. Plaintiff Felix M. Pagan re-adopts every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein.

49. This action is brought by Plaintiff Felix M. Pagan and those similarly situated to recover from the Employer Goldelm At Charter Pointe unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

50. Defendant Goldelm At Charter Pointe was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a property management company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon

information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

51. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a maintenance and cleaning employee, and he handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

52. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

53. Defendant Goldelm At Charter Pointe employed Plaintiff Felix M. Pagan as a non-exempted, full-time, hourly employee from August 01, 2021, to February 28, 2022, or 30 weeks. However, for FLSA overtime purposes

Plaintiff's relevant time of employment is 29 weeks (28 weeks with unpaid overtime hours, plus one week with unpaid minimum wages.)

54. Plaintiff was hired as a maintenance employee and porter for Charter Pointe Apartments, a residential complex with 2 stories and 312 units. Plaintiff had multiple responsibilities, including maintenance, emergency repairs, plumbing, electricity, painting, etc.

55. Plaintiff lived at the complex as per the convenience of the Employers.

56. Plaintiff was paid a wage rate of $16.00 an hour during his first 12 weeks of employment. Plaintiff's overtime should be $24.00 an hour, in that period. Plaintiff's wage rate decreased to $12.00 an hour for the remaining 16 weeks. Plaintiff's overtime rate should be $18.00.

57. During his employment with Defendant, Plaintiff worked 5 days per week. 45 hours in one week.  Defendant deducted 1 hour daily or 5 hours weekly of lunchtime.

58. However, Plaintiff alleges that he never took one hour of lunch.  Plaintiff claims that Defendant should deduct just 2.5 hours of lunchtime, and Defendant owes him 2.5 overtime hours weekly.

59. During his employment with Defendant Plaintiff worked more than 40 hours that were not properly compensated.

60. Thus, Plaintiff is claiming a total of 21 weeks with 8.5 unpaid overtime hours (2.5 lunch hours + 6 off-the-clock hours=8.5 overtime hours), and 7 weeks with 16 unpaid overtime hours (2.5 lunch hours + 6 off-the-clock hours + 7.5 on-call hours=16 overtime hours.)

61. Plaintiff did not clock in and out, but he signed timesheets. Plaintiff worked under the supervision of Mr. Victor Salazar, and Defendant could track the number of days and hours worked by Plaintiff and other similarly situated individuals.

62. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

63. Plaintiff was paid with direct deposits without paystubs showing information about the actual number of days and hours worked, wage rate paid, employee taxes withheld, etc.

64. On or about February 14, 2022, Plaintiff had a work-related accident. As a consequence of his accident, Manager Vanessa LNU fired him using pretextual reasons.

65. Plaintiff was terminated on or about February 28, 2022. At the time of his termination, Defendant denied Plaintiff his last week of work. There is a

substantial number of hours that were not paid to Plaintiff at any rate, not even the minimum wage rate.

66. Plaintiff did not clock in and out.  However,  Defendant was able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

67. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

68. Plaintiff was paid bi-weekly with direct deposits without any paystub providing basic information about the real number of working hours, wage rate, employment taxes, etc.

69. The records, if any, concerning the number of hours worked by Plaintiff Felix M. Pagan and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.  Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

70. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage

payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

71. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

* Plaintiff's wage-rate was $12.00 an hour. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

        Four Hundred Twenty-Five Dollars and 00/100 ($425.00)

    b. <u>Calculation of such wages</u>:

        Total weeks of employment: 30 weeks
        Total relevant weeks of employment:1 week
        Total hours worked: 42.5 regular hours
        Total number of regular unpaid hours: 42.5 hours
        Regular rate:  $12.00 an hour
        Fl. Minimum wages 2022: $10.00 an hour

        Min. wage $10.00 x 42.5 hours=$425.00

    c. <u>Nature of wages</u>:

        This amount represents unpaid minimum wages at the Florida minimum wage rate.

72. Defendant Goldelm At Charter Pointe willfully and intentionally refused to pay Plaintiff minimum wages as required by the United States law and remain because of Plaintiff these minimum wages as set forth above.

73. Defendant Goldelm At Charter Pointe knew and showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages as set forth above. Plaintiff is entitled to recover double damages.

74. Defendant Goldelm At Charter Pointe willfully and intentionally refused to pay Plaintiff minimum wages as required by the United States law and remain because of Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant.  Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Felix M. Pagan and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Felix M. Pagan and against the Defendant Goldelm At Charter Pointe based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Felix M. Pagan demands a trial by a jury of all issues triable as of right by a jury.

**COUNT III**
**RETALIATORY DISCHARGE**
**PURSUANT TO F.S. 440.205;**

75. Plaintiff Felix M. Pagan re-adopts every factual allegation as stated in paragraphs 1-20 of this Complaint as if set out in full herein.

76. At all times relevant, Plaintiff Felix M. Pagan was employed by the Defendant Goldelm At Charter Pointe as a maintenance employee and porter.

77. On or about February 14, 2022, around 8:10 AM, Plaintiff suffered a work-related injury.

78. While Plaintiff was working moving a refrigerator, he fell from the stairs and hurt his back and knees.

79. Supervisor Mr. Victor Salazar witnessed the accident. Plaintiff immediately reported the accident to manager Vanessa LNU, who retained Plaintiff at the office for several hours before sending him to a medical center.

80. At the medical center Plaintiff was prescribed some pain medication and sent him home to rest for 3 days. Plaintiff returned to work on Friday, February 18, 2022.  Plaintiff worked until February 24, 2022, and then he felt sick and had to seek medical attention to treat his injuries. Plaintiff sought emergency treatment by himself.

81. Plaintiff was absent Friday Saturday and Sunday.  On or about Monday, February 28, 2022, he returned to work. However, Defendant fired Plaintiff due to the unjustified absences.

82. Defendant did not provide Plaintiff with the required assistance.

83. Defendant did not provide Plaintiff his rights under the Florida Workers Compensation Law.

84. The above alleged injuries did require medical treatment. However, due to the conduct of Defendant, Plaintiff did not get the necessary treatment.

85. On or about February 28, 2022, Plaintiff, still in pain, returned to work.

86.  Nevertheless, Defendant fired Plaintiff.  Plaintiff tried to pick up the check corresponding to his last week of work, but Defendant did not pay him his

hard-earned wages.  Defendant require Plaintiff to leave his living quarters immediately.

87. Defendant did not offer Plaintiff any assistance under the Florida Workers Compensation Law.

88. Plaintiff put Defendant on notice of his accident timely. Defendant was aware of Plaintiff's injuries on February 14, 2022.

89. When Plaintiff notified Defendant of his accident, he was asserting a valid claim for workers' compensation claim.

90. Defendant chose to threaten, intimidate, and then terminate Plaintiff instead of informing and offering him his protected rights under the Florida Workers' Compensation Law.

91. Defendant willingly refused to provide Plaintiff medical benefits under Workman's Compensation Law.

92. Plaintiff's work prior to his discharge was satisfactory or more than adequate. One of the motivating factors which caused Plaintiff's discharge as described above was the request or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.

93. Plaintiff's request for worker's compensation benefits as described above contributed to Defendant's decision to discharge Plaintiff.

94. Defendant's termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

95. Plaintiff is in the process of filing a Petition for Workers' Compensation Benefits.

96. By reason of Defendant's discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

97. Defendant's conduct in discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights, so, therefore, Plaintiff is entitled to punitive damages.

98. The plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Felix M. Pagan respectfully requests judgment against the Defendant Goldelm At Charter Pointe for all back wages from the date of constructive discharge to the present date,  and an equal amount of back wages as liquidated damages; costs; reinstatement and promotion; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; front wages; punitive damages; attorney's fees pursuant to Fla. Stat. § 57.105 and for any other relief that this Court may deem and proper.

<u>Demand for a Jury Trial</u>

Plaintiff Felix M. Pagan demands a trial by a jury of all issues triable as of right by a jury.

Dated:  July 31, 2022

Respectfully submitted,

By: **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:       (305) 446-1500
Facsimile:        (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*